FILED
CLERK, U.S. DISTRICT COURT

OCT 19 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>    Petitioner,<br><br>v.<br><br>Warden "SWARTHOUT", et al.,<br><br>    Respondents. | Case No. CV 11-8497-R (SH)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. <u>BACKGROUND</u>

On October 13, 2011, <u>pro se</u> petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. In his Petition, petitioner challenges his 1991 conviction for second degree murder with the use of a firearm. (Petition at 2). As best the Court can glean from petitioner's allegations, the Petition alleges the following claims: (1) Petitioner received an illegal sentence with respect to his prior prison terms; (2) Petitioner was sentenced without proper notice; (3) Petitioner received an improper sentence with respect to

1

a prior conviction; (4) Petitioner received an enhanced 2-year sentence, in violation of the Double Jeopardy Clause; and (5) Petitioner received illegal and invalid consecutive sentences. (Petition at 5-6, Attachment at 1-3).

## II. DISCUSSION

On December 13, 1994, petitioner filed a Petition for Writ of Habeas Corpus herein (Case Number CV 94-8341-HLH (VAP)). In that habeas petition, petitioner challenged the same 1991 conviction. On August 18, 1995, the district court denied that habeas petition with prejudice, in accordance with the recommendations of the Magistrate Judge.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been

discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The

prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition. The instant Petition was filed on October 13, 2011, well after the effective date of the AEDPA. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. § 2244(b)(3)(A). It appears that no such authorization has been obtained in this case. Thus, the Petition should be dismissed for that reason.

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED: Oct. 19, 2011

_____
MANUEL REAL
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: October 18, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE